OWEN, Circuit Judge,
concurring:
I concur in the opinion of the court, except to the extent that it might be read as placing any reliance on this court’s decision in Bryan v. Jones.[2]
In this court’s en banc opinion in Bryan, we said more than thirty-five years ago that a jailer could be held liable “[i]f he negligently establishes a record keeping system in which errors [leading to continued incarceration after charges were dismissed] are likely.”[3] In light of subsequent Supreme Court decisions,[4] this is not a correct statement of the law.
As today’s opinion correctly notes, liability for failures to promulgate policy, train, or supervise can only arise when the defendant acts with deliberate indifference,[5] a considerably higher standard than negligence.[6] “[Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action,” [7] not merely a likely one. The court’s opinion today properly applies current Supreme Court precedent as the governing law. To the extent that Bryan is cited as establishing a negligent standard, that is not the applicable standard, and it is not the standard that the court actually applies.
With the foregoing explanation, I concur in the opinion of the court.

. 530 F.2d 1210 (5th Cir.1976) (en banc).

. Id. at 1215.

. See, e.g., Connick v. Thompson, — U.S. -, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011); Bd. of Comm’rs of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

. Ante, at 446-47.

. Bryan Cnty., 520 U.S. at 407, 117 S.Ct. 1382 ("A showing of simple or even heightened negligence will not suffice.”).

. Connick, 131 S.Ct. at 1360 (alteration in original) (emphasis added) (quoting Bryan Cnty., 520 U.S. at 409, 117 S.Ct. 1382) (internal quotation marks omitted).